UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

BETTINA JEROME, as parent and guardian on
behalf of her minor daughter, S.P.,

                                                    Plaintiff,

- against -

THE CITY OF NEW YORK, and JOHN DOES A-F
the name "Doe" being fictitious and intended to
represent those police officers who falsely arrested,
unlawfully searched, and the unlawfully harassed and
discriminated against the plaintiff,
                                                    Defendants.

----------------------------------------------------------------x

STIPULATION OF
SETTLEMENT AND
ORDER OF DISMISSAL

1:11-cv-3661-RRM-SMG

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 14 2012 ★

BROOKLYN OFFICE

WHEREAS, plaintiff commenced this action by filing a complaint on or about July 29, 2011 alleging that defendant violated plaintiff's federal civil and common law rights; and

WHEREAS, defendant The City of New York has denied any and all liability arising out of plaintiff's allegations; and

WHEREAS, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without defendant admitting any fault or liability; and

WHEREAS, plaintiff Bettina Jerome, as parent and guardian on behalf of her minor daughter, Samsara Paul, has authorized his counsel to agree to the terms set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendant, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant The City of New York hereby agrees to pay Bettina Jerome, as parent and guardian on behalf of her minor daughter, Samsara Paul, the sum of Twenty Thousand ($20,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant and to release the defendant and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights from the beginning of the world to the day of the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant The City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Settlement of this action is conditioned on compliance with the provisions set forth in Rule 83.2 of the Local Civil Rules of this Court ("Settlement of Actions by or on behalf of an Infant or Incompetent or Wrongful Death") and Rule 1207 et seq. of the Civil Practice Laws and Rules for the State of New York.

5. Nothing contained herein shall be deemed to be an admission by the defendant that it has in any manner or way violated plaintiff's rights, or the rights of any other

person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or The City of New York or any other rules, regulations or bylaws of any department or subdivision of The City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

6. Nothing contained herein shall be deemed to constitute a policy or practice of The City of New York or any agency thereof.

7. Plaintiff agrees to hold harmless the defendant regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant reserves the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

8. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary

the terms and conditions contained herein.

3

Dated: New York, New York
    Aug 10, 2012

Michael P. Mangan
*Attorney for Plaintiff*
160 Pearl Street, Suite 610
New York, New York 10005
(212) 248-2171

By: _____
Michael Mangan

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendant*
THE CITY OF NEW YORK
100 Church Street, Room 3-159 (b)
New York, NY 10007
212-676-8580
Email: crichard@law.nyc.gov

By: _____
Camiel Richards

SO ORDERED:

Dated: New York, New York
    8/13/2012, 20___

s/Roslynn R. Mauskopf
_____
HON. ROSLYNN R. MAUSKOPF
UNITED STATES DISTRICT JUDGE

4